[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
Pursuant to Practice Book § 61-12, the respondent mother moves for a stay of execution of the judgment terminating her parental rights, pending the outcome of her appeal to the Appellate Court.
Practice Book § 61-12 does not prescribe criteria to be employed in determining whether to terminate a stay, and the Supreme Court has observed that "[i]t is not possible to reduce all of the considerations involved in stay orders to a rigid formula. . . ." Griffin Hospital v.Commission on Hospitals Health Care, 196 Conn. 451, 458 (1985). The Supreme Court, however, has indicated that such a decision involves the balancing the results which may be caused to the respective parties, whether the applicant has a reasonable probability of success on appeal, whether the applicant will suffer irreparable loss if the stay is not granted, and the harm likely to be sustained by other parties and others from preservation of the status quo. Id., 457-58.
The respondent contends that (1) there is a reasonable possibility that the respondent's appeal will be successful because the termination of parental rights was based largely on the mother's mental health and because DCF failed to refer the respondent for a psychiatric evaluation, (2) the Appellate Court has recently shown a greater inclination to scrutinize reasonable efforts findings, (3) without a stay of execution, the respondent will be unable to contest DOE's termination of her visits with her children, (4) no harm will result to any party.
As Griffin indicates, the applicable criteria is not reasonablepossibility but reasonable probability of success on appeal. While the respondent's appeal is certainly non-frivolous this court, not surprisingly, cannot find — given the evidence, its own findings and the standard of review on appeal — that there is a reasonable probability that the respondent will prevail on appeal. Moreover, this court disagrees that no harm will result to any party if the stay of execution is granted. The evidence and the court's findings were that visits between mother and sons were psychologically unhealthy to the CT Page 15334-cd children. For these reasons, the motion for stay of execution is denied.
BY THE COURT
 ___________________ Bruce L. Levin Judge of the Superior Court
CT Page 15334-ce